# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MAYO, individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-00568-CV-W-DGK |
| GMAC MORTGAGE, LLC, USB REAL ESTATE SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY (in its capacity as trustee of the MASTR SPECIALIZED LOAN TRUST 2007-01), and RESIDENTIAL FUNDING COMPANY, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This case is a putative class action brought under the Missouri Second Mortgage Loan Act ("MSMLA"). Plaintiff alleges he was charged illegal fees at the closing of his residential second mortgage loan, and he is suing the various companies who subsequently acquired or serviced his loan. Before the Court is Plaintiff's Motion for Reconsideration (doc. 244), which essentially asks the Court to amend the Summary Judgment Order (doc. 243) issued January 13, 2011.

Plaintiff complains that the Order contains two "clear and significant reversible errors." The alleged errors are, first, that the Court's interpretation of § 408.233.1 RSMo conflicts with the legislative intent of the statute and fails to give proper deference to the Missouri Court of Appeals' decision in *Mitchell v. Residential Funding Corporation*, --- S.W.3d ---, 2010 WL 4720755, (Mo. Ct. App. Nov. 23, 2010). Second, that the Court's holding that loan servicers GMACM and RFC

1

cannot be liable to Plaintiff "effectively immunize[s] loan servicers from liability under the MSMLA," "misinterprets the statute," "overlooks the fact that GMACM and RFC 'indirectly received' the illegal loan fees," "impermissibly rewrites the MSMLA by engrafting an 'ownership' requirement on to the statute," and "conflicts with *Mitchell*."

Finding that Plaintiff had a full and a fair opportunity to argue the matter previously, and that the order contains no errors, much less significant errors, the motion is DENIED.

**Standard**

The Federal Rules of Civil Procedure do not include a 'motion to reconsider.' *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009). Such motions are usually construed either as a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009).

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* (holding district court did not err in failing to grant defendant's motion to alter the judgment because defendant could have raised its argument regarding the appropriate remedy while the motion for summary judgment was first pending). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Id.* at 413. Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief."

2

Under Eighth Circuit law a party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Property Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas*, 51 F.3d 117, 119 (8th Cir. 1995)).[1] A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has warned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order. Fed. R. Civ. P. 59(e), 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995).

The standard for reconsideration of an interlocutory order is less clear. *Vosdingh v. Qwest Dex, Inc.*, No. Civ. 03-4284 ADM/AJB, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005). There is some language in Eighth Circuit caselaw suggesting that motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) and *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). This language appears to be dicta[2] and has

---

[1] Wright, Miller, and Kane argue that a showing of exceptional or extraordinary circumstances is necessary only when a party moves for reconsideration under the catchall clause of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2857 (2nd ed. 1995). Because the Court is bound by Eighth Circuit precedent, however, it will apply the higher standard to all Rule 60(b) motions.

[2] The cases cited in *Elder-Keep* as support for this proposition are not on point. Although *Elder-Keep* quotes *Anderson*, the *Anderson* quotation is merely a parenthetical explanation of a citation to *Broadway*. And in *Broadway* the issue before the Court of Appeals was what standard of review should apply to a motion to reconsider an interlocutory order, not what standard should the district court have applied in deciding whether to grant the motion to reconsider an interlocutory order. The discussion in *Broadway* was as follows:

been criticized for failing to recognize a district court's inherent authority to reconsider interlocutory orders, authority which a district court needs as a practical matter in order to modify orders in response to the changing circumstances of a lawsuit before it. *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008) (Laughrey, J.) (expressing disagreement with *Elder-Keep*); *Laird v. Stilwill*, 982 F. Supp. 1346, 1354 (N.D. Iowa 1997) (holding that a district court's discretion to amend an interlocutory order is greater than its power to amend a final judgment); *see also Vosdingh,* 2005 WL 1323007, at *1 (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not.").

This Court agrees it has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) or 60(b). Of course, it also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. Accordingly, it will reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error.

---

"This motion was not directed to a final judgment, but rather to a nonfinal order. By its terms, only Rule 60(b) encompasses a motion filed in response to an order. Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order. For that reason, we agree with the District Court that this 'motion for reconsideration' should be construed as a Rule 60(b) motion."

*Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The *Broadway* court subsequently found it could review only the district court's order denying the motion to reconsider, not the district court's underlying substantive order. *Id.* Consequently this Court believes that Eighth Circuit has not addressed the issue of what standard a district should apply to a motion to reconsider an interlocutory order.

**Discussion**

This Court's January 13, 2011 Order was a partial summary judgment order because it did not dispose of all the issues in this case. Consequently, it is a non-final, non-appealable interlocutory order, *Laird*, 982 F.Supp. at 1353-54, so to prevail on the motion Plaintiff must show (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error.

**A.      Plaintiff had a fair opportunity to argue this matter previously.**

Plaintiff alleges he has not had a fair opportunity to argue this matter. Specifically, he contends he has not had an opportunity to apprise the Court of his arguments in light of the *Mitchell* decision. This argument is meritless. As an initial matter the Court notes it granted Plaintiff leave to file forty pages of argument in opposition to the motion for summary judgment, the entire brief was over 180 pages long, so Plaintiff has hardly been deprived of an opportunity to be heard. Second, Plaintiff was not entitled to submit additional argument. Although Plaintiff obviously wanted to make additional argument in the wake of the *Mitchell* decision, a party is not entitled to supplement the record with additional briefing every time another court issues a decision on the same subject. Consequently, the Court finds Plaintiff had a full and fair opportunity to be heard previously.

**B.      Granting the motion will not correct a significant error.**

With respect to the merits of the motion, Plaintiff complains that the summary judgment order fails to give proper deference to the *Mitchell* decision and conflicts with the legislative intent of the MSMLA. There is no merit to this argument. A federal court applying state law is not bound by the decision of an intermediate state appellate court. As the Court of Appeals for the Eighth Circuit has observed,

> In applying state law, we are bound to apply the law of the state as articulated by the state's highest court. When the state's highest court has not spoken, our job is to predict how the state's high court would resolve the issue. We may look to decisions of the state's intermediate courts to the extent they contain sound reasoning, and such decisions may often serve as "the best evidence" of how the highest court would rule. We, however, are not bound by the decisions of a state's intermediate courts.

*Travelers Prop. Cas. Ins. Co. of Am. v. National Union Ins. Co. of Pittsburgh*, 621 F.3d 697, 707 (8th Cir. 2010) (internal citations omitted). In the present case the Court carefully read and considered the *Mitchell* decision as persuasive authority, and largely agreed with it. But, for the reasons set forth in the Court's summary judgment order, the Court did not agree with *Mitchell's* reasoning in interpreting Mo. Rev. Stat. § 408.233.1, and so declined to follow it on this point. Accordingly, this Court did not err in not following every holding of the *Mitchell* decision.

There is similarly no merit to Plaintiff's complaint that the order "effectively immunize[s] loan servicers from liability under the MSMLA," "misinterprets the statute," "overlooks the fact that GMACM and RFC 'indirectly received' the illegal loan fees," "impermissibly rewrites the MSMLA by engrafting an 'ownership' requirement on to" the statute," and "conflicts with *Mitchell*." These arguments are a rehash of those made in Plaintiff's summary judgment briefing (e.g., that GMACM and RFC indirectly received illegal loans fees), albeit with supporting citation to *Mitchell*, and new arguments attacking the summary judgment order's reasoning (e.g., that the order grafts an ownership requirement onto the statute). There is no merit to these arguments, and they are not appropriate grounds to grant a motion for reconsideration.

**Conclusion**

Finding that Plaintiff had a fair opportunity to litigate this issue previously, and that granting the motion is not necessary to correct any error, much less a significant error, Plaintiff's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

DATE:  February 9, 2011                                  /s/ Greg Kays
                                                         GREG KAYS, JUDGE
                                                         UNITED STATES DISTRICT COURT