IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MAYO, individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-00568-CV-W-DGK |
| UBS REAL ESTATE SECURITIES, INC. and DEUTSCHE BANK NATIONAL TRUST COMPANY (in its capacity as trustee of the MASTR SPECIALIZED LOAN TRUST 2007-01), | ) ) ) ) ) ) | |
| Defendants. | ) | |

**SECOND ORDER REGARDING CLASS CERTIFICATION**

This case is a putative class action brought under the Missouri Second Mortgage Loan Act ("MSMLA"). Plaintiff Michael Mayo alleges he was charged illegal fees at the closing of his residential second mortgage loan. He is suing two entities who acquired and received interest on his loan after closing.[1]

Before the Court is Plaintiff's Motion for Class Certification (doc. 169), the Court's subsequent Order Regarding Class Certification (doc. 250) directing the parties to submit supplemental briefing on an amended class definition and the question of numerosity, and the supplemental briefs (docs. 253-55) submitted by the parties. Finding that Plaintiff has not carried his

---

[1] The Court previously held in its Summary Judgment Order (doc. 243) that Plaintiff's wife, Sharron Mayo, lacked standing to sue, and that the loan servicers Plaintiff had sued, GMAC Mortgage, LLC and Residential Funding Company, LLC did not violate the MSMLA and were entitled to summary judgment. Accordingly, these parties are no longer part of this lawsuit. The Court found that Defendants UBS Real Estate Securities, Inc. and Deutsche Bank National Trust Company (as Trustee of the MASTR Specialized Loan Trust 2007-01) were potentially liable for violating the MSMLA.

1

burden of demonstrating that the class should be certified and that the requirements of Rule 23 are met, the motion for certification is denied.

## Discussion

**A.      Plaintiff's proposed amended class definition is still overbroad.**

In the initial motion for certification Plaintiff proposed the class be defined as,

> All persons who obtained a second mortgage loan secured by residential real estate located in Missouri that was purchased by and/or assigned to Defendant UBS Real Estate Securities, Inc. and either: (i) the loan was obtained on or after June 20, 2002; and/or (ii) interest was paid on the loan on or after June 20, 2002.

Suggestions in Supp. (doc. 171) at 36. The Court rejected this definition as overbroad, but instead of denying certification outright, *see Oshana v. Coca-Cola Co.*, 472 F.3d 506, (7th Cir. 2006), the Court invited Plaintiff to submit an amended class definition. The Court's order stated,

> To assist the Court in determining if some realistic, practicable class definition could be formed, the Court orders the parties to submit additional briefing on a[n] amended proposed class definition. Plaintiff's brief should include an amended proposed class definition and argument explaining why this definition is appropriate. The amended class definition should encompass, **at most,** persons who on or after June 20, 2002, obtained a second mortgage loan secured by residential real estate located in Missouri and **who paid the loan originator a funding or underwriting fee at closing** and whose loan was subsequently purchased by, or assigned to, Defendant UBS, and then sold to a New York express trust.

Order (doc. 250) at 5 (emphasis added).

Instead of submitting a more limited class definition, however, Plaintiff has proposed an essentially identical class definition. Plaintiff's supplemental brief suggests the class be defined as,

> All individuals who, on or after June 20, 2002, obtained a "Second Mortgage Loan" as defined by § 408.231.1 RSMo, that was sold or assigned to UBS Real Estate Securities, Inc., and for which an originating lender directly or indirectly charged, contracted for or

2

> received one or more **loan fees or closing costs**, as disclosed by the Settlement Statement(s) or other documents prepared to finalize the loan.

Supplemental Mem. (doc. 253) at 1 (emphasis added). This "amended" definition ignores the Court's previous guidance and is still overbroad. For example, instead of restricting the class to individuals who paid a funding or underwriting fee at closing, as the Court directed, Plaintiff proposes extending the class to all individuals who paid any loan fees *or closing costs*, a definition which would sweep into the class countless individuals who did not pay any illegal fees and who do not possibly have any claim against Defendants. As explained in the Court's summary judgment order, any bona fide closing cost paid to a third-party is legal under the MSMLA, even if it is not specifically enumerated in the statute. Defining the class as individuals who paid *any costs* at closing would swell the class to an enormous size, leaving no relevant question of law or fact common to the class, and where the Plaintiff's claims would not be typical of the class' claims. Similarly, the "amended" definition is not limited to loans, such as the Plaintiff's, where a funding or underwriting fee was paid at closing, thus the Plaintiff's claim would not be typical of the class' claims. Consequently, the Court must reject Plaintiff's amended proposed class definition.

**B.     Because Plaintiff has not carried his burden of showing certification is proper, the motion is denied.**

"In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). This specifically includes the burden of defining a proper class. *See In re Paxil Litig.,* 212 F.R.D. 539, 546 (C.D. Calif. 2003).

In the present case the Court has given Plaintiff two opportunities to define an acceptable class, but Plaintiff has failed to do so. After rejecting Plaintiff's initial definition as overbroad the Court invited supplemental briefing on a more narrow definition because it wanted to give Plaintiff the opportunity to pursue certification of some other class. By submitting a second definition that is almost indistinguishable from the first and supplemental suggestions that rehash arguments which the Court has already rejected urging certification of a larger class, Plaintiff has failed to establish a record which supports the certification of any class, and the Court declines to supply such arguments on its own. As the Seventh Circuit has observed, nothing in Rule 23(c) "suggests that the court must generate sua sponte the evidence and arguments necessary for certification . . . the burden for certification falls on the party seeking certification[,] and he cannot be heard to complain that the court has failed to act when he has given it nothing upon which to act." *Trotter v. Klincar*, 748 F.2d 1177, 1185 (7th Cir. 1984).

Assuming for the sake of argument that the Court possessed the power to *sua sponte* revise and limit Plaintiff's overly broad class definition, the Court fails to see any reason why it should. The Court's role in this or any other litigation is to be an impartial referee, not an active participant. If the Court imposed its own class definition on the parties here, it would be abandoning its role of referee and entering the fray, something the Court declines to do. While Rule 23(c)(1)(C) arguably permits the Court to redefine a class on its own motion anytime before final judgment, *see Godbolt v. Hughes Tool Co.*, 63 F.R.D. 370, 371 (S.D. Tex. 1972), that is different from the Court *sua sponte* certifying a class which neither party has asked be certified, and where the existing record does not clearly support certification. Additionally in the present case no harm will be done if a class is not certified. The litigation will simply proceed as an ordinary, that is, non-class action lawsuit, with the

4

Plaintiff prosecuting his own claim against the Defendants. The putative class members will not be adversely effected by this; they will still be able to file their own individual lawsuits, indeed, if they wish they can pursue their own class action lawsuits. Accordingly, the Court finds Plaintiff has failed to carry its burden of establishing the need for certification.

## Conclusion

Finding that Plaintiff has not carried his burden of demonstrating that the class should be certified and that the requirements of Rule 23 are met, the Motion for Certification (Doc. 169) is denied.

**IT IS SO ORDERED.**

DATE: July 1, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT