# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00568-CV-W-DGK |
| | ) | |
| UBS REAL ESTATE SECURITIES, INC. | ) | |
| and DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY (in its capacity as trustee of | ) | |
| the MASTR SPECIALIZED LOAN | ) | |
| TRUST 2007-01), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR STAY

Before the Court is Plaintiff's Motion for Stay of Proceedings During Pendency of Federal Rule 23(f) Appeal. (Doc. 259). Plaintiff is currently seeking a discretionary appeal in the Eighth Circuit Court of Appeals of the denial of his motion for class certification and portions of the Court's summary judgment ruling. Plaintiff has requested a stay while his application for appeal is pending. Finding that Plaintiff has not carried his burden of establishing that a stay is appropriate, the motion is DENIED.

A party seeking a stay while an application to appeal is pending bears the burden of showing that (1) it is likely to succeed on the merits of its appeal; (2) it will be irreparably injured unless the stay is granted; (3) granting the stay will not substantially injury the non-moving party; and (4) the public interest will not be harmed by granting the stay. *See, e.g.*, *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011); *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412 (D. Del. 2010). The court considers the relative strength of each factor and balances them all, with the most important factor being the movant's likelihood of success on the merits. *See Brady*, 640 F.3d 789.

Plaintiff has not carried his burden here. First, Plaintiff has not shown that he is likely to succeed on the merits of his appeal. To show that his appeal is likely to succeed, Plaintiff must first show that he will be permitted to take such an appeal under Rule 23(f). Rule 23(f) appeals typically are permitted only if (1) a ruling denying class certification would effectively end the litigation; (2) a ruling granting class certification "raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle;" or (3) the appeal would clarify an important, unsettled question of law. *E.g.*, *Robinson v. Sears, Roebuck and Co.*, 111 F. Supp. 2d 1101, 1129 (E.D. Ark 2000); *see generally* James Wm. Moore, Moore's Federal Practice, § 23.88(2)(c) (3d ed. 2011). Neither of the first two conditions are present here, and there is no unsettled question of law in the Court's class certification ruling. Although there is arguably one unsettled question of law in the Court's summary judgment ruling, namely whether the "which shall include" language used in § 408.233.1(3) of the Missouri Second Mortgage Loan Act is inclusive or exclusive, the time to seek a Rule 23(f) appeal from Court's summary judgment order has long since expired. Consequently, the Court believes it is unlikely that the Court of Appeals will agree to hear Plaintiff's Rule 23(f) appeal.

Assuming for the sake of argument that the Court of Appeals grants permission to appeal, the Court is skeptical of Plaintiff's chances of success on the merits. Although Plaintiff argues the class certification ruling is incorrect, he does not explain how or why it was erroneous, much less how any error rose to the level of an abuse of discretion, which is the standard of review on a class certification order. This Court denied class certification simply because Plaintiff failed to define an appropriate class, i.e., one that was not overbroad. This is a ruling that is unlikely to be overturned under an abuse of discretion standard, consequently Plaintiff has not demonstrated a likelihood of success on the merits.

Plaintiff has also not shown a threat of irreparably injury. Plaintiff claims that if forced to try this case on an individual basis he will suffer irreparable harm, because he will now have to try the case twice, once on his claims alone, and then a second time as a class action, after the Eighth Circuit has, in Plaintiff's words, "inevitably reversed" the class certification order. But having to try this case twice would not constitute irreparable harm; it is reparable harm. The Missouri Second Mortgage Loan Act contains an attorneys' fees provision, so if Plaintiff is forced to try the case twice he will likely not pay any more in fees or costs than he would have if he tried the case once. Of course, trying the case twice will involve additional financial risk for Plaintiff's attorneys, who have taken the case on a contingency fee basis, but this does not constitute irreparable harm.

The prospect of incurring higher litigation expenses is not grounds to bypass the normal appeals process. In an analogous context the Supreme Court has observed that "the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." *Cf. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985) (holding district court's interlocutory order denying motion to dismiss not appealable under the collateral order doctrine). If it were, "then the exception might well swallow the rule.'" *Id.*, quoting *Lusardi v. Xerox Corp.* 747 F.2d 174, 178 (3d Cir. 1984). In the present context, seeking a stay while an application for a discretionary appeal is pending, if the specter of having to try a case twice was an irreparable injury, then there would be an irreparable injury anytime a party wanted to pursue a discretionary appeal of an adverse pre-trial order, which would vitiate this prong of the analysis.

With respect to the third and fourth factors that must be weighed, whether granting the stay will injure the non-moving party and whether the public interest favors granting the stay, the Court

3

finds they do not meaningfully impact the analysis. Granting the stay would not injure the defendants in any meaningful way, and the public interest is not implicated in either granting or denying the stay.

After carefully considering the relative strength of each factor, but giving the most weight to Plaintiff's likelihood of success on the merits, the motion (doc. 259) is DENIED.

**IT IS SO ORDERED.**

DATE: July 26, 2011                             /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT