IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00568-CV-W-DGK |
| | ) | |
| UBS REAL ESTATE SECURITIES, INC. | ) | |
| and DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY (in its capacity as trustee of | ) | |
| the MASTR SPECIALIZED LOAN | ) | |
| TRUST 2007-01), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is a putative class action brought under the Missouri Second Mortgage Loan Act ("MSMLA"), Mo. Rev. Stat. §§ 408.231- 408.241. Plaintiff Michael Mayo ("Mayo") alleges he was charged illegal fees at the closing of his residential second mortgage loan and is suing the various entities who subsequently acquired or serviced his loan.

On January 13, 2011, this Court issued a partial summary judgment order (doc. 243) holding, among other things, that the list of authorized fees set out in Mo. Rev. Stat. § 408.233.1(3) is an inclusive list; that a pre-paid interest charge does not, by itself, violate the MSMLA; and that a post-closing, non-loan holder servicer cannot be liable under the MSMLA. On July 1, 2011, the Court also denied Plaintiff's motion to certify a class, holding that Plaintiff's proposed class definition was overbroad.

On July 29, 2011, the Eighth Circuit Court of Appeals released its decision in another case concerning the MSMLA, *Washington v. Countrywide Home Loans, Inc.*,[1] in which it held that the intermediate state court of appeals decision in *Mitchell v. Residential Funding*

---

[1] 655 F.3d 869 (8th Cir. 2011).

*Corporation*[2] was the best evidence of Missouri law, and that under *Mitchell*, the list of closing fees authorized by the MSMLA is an exclusive list.

In light of *Washington*, the Court decided to revisit its previous rulings in this case and directed the parties, including previously dismissed Defendants Residential Funding Company, LLC ("RFC") and GMAC Mortgage LLC ("GMACM"), to submit additional briefing identifying any issues that should be re-addressed in light of *Washington* and to propose how the Court should proceed.

After carefully considering the parties' arguments, the Court holds that those portions of its previously entered partially summary judgment order holding that the list of authorized fees in the MSMLA is an inclusive list and that a post-closing, non-loan holder servicer cannot be liable under the MSMLA should be reversed. The award of summary judgment in favor RFC and GMACM on all claims is also reversed. Additionally, because this ruling confirms the Court still possesses jurisdiction over Mayo's claim against GMACM and RFC, the injunction entered December 16, 2011, is extended until further order of this Court.

In light of the changes to the partial summary judgment order, the Court holds it should reconsider its denial of class certification and directs the parties to submit additional briefing on this issue. Finally, the Court declines to revisit that portion of its order holding that a pre-paid interest charge does not, by itself, violate the MSMLA because Plaintiff previously failed to raise this argument.

---

[2] 334 S.W.3d 477 (Mo. App. 2010)

## Discussion

Plaintiff argues the Court needs to re-address its previous rulings that: 1) the list of authorized fees set out in the MSMLA is an inclusive list; 2) that a pre-paid interest charge does not violate the MSMLA; 3) that a post-closing, non-loan holder servicer is not liable; and 4) that Plaintiff's proposed class definition was overbroad. Defendants argue that the Court's summary judgment order is inconsistent with *Mitchell* only in that the Court held the MSMLA's list of authorized fees is inclusive, not exclusive. Defendants contend that the holdings in *Mitchell* are otherwise distinguishable, and that the Court's order denying class certification need not be revisited.

The Court rules as follows.

**A.  The Court reverses its previous holding that the tax service contract fee, the courier/delivery fee, the wire fee, and the closing fee did not violate the MSMLA.**

The parties and the Court agree that *Mitchell* holds the list of authorized fees set out in Mo. Rev. Stat. § 408.233.1(3) is an inclusive list, thus the tax service contract fee, the courier/delivery fee, the wire fee, and the closing fee charged at the closing of Mayo's second mortgage loan violated the MSMLA. Accordingly, this portion of the Court's summary judgment order is REVERSED.

**B.  The Court will not revisit its holding that a pre-paid interest charge does not, by itself, violate the MSMLA.**

In its summary judgment order the Court ruled Plaintiff could recover any amount paid as pre-paid interest only if there were an underlying violation of the MSMLA, that is, if Plaintiff was charged an illegal fee at closing. The Court held that a pre-paid interest charge does not, by itself, violate the MSMLA.

3

Case 4:08-cv-00568-DGK   Document 291   Filed 01/13/12   Page 3 of 7

Plaintiff argues that since the Eighth Circuit expressly held in *Washington* that "the collection of interest on a loan that has an illegal fee is 'an additional violation of the statute,'" this holding should be reversed. Plaintiff's Brief (doc. 272) at 5 (quoting *Washington*, 655 F.3d at 875). Defendants contend Plaintiff waived this argument by failing to raise it during the initial summary judgment briefing.

The Court holds Plaintiff has waived this argument by failing to raise it earlier. During the summary judgment briefing, Plaintiff argued the following:

> **The pre-paid interest charge violates the MSMLA.**
> Option One also directly charged, contracted for or received a prepaid interest charge of $33.40 in connection with the Plaintiffs'[3] second mortgage loan. This assessment of interest was illegal. As explained above, Option One violated §408.233.1, by charging, contracting for or receiving the Tax Service Fee, the Funding Fee; the Underwriting Fee; the Settlement or Closing Fee; the Courier/Delivery Fee and the Wire Fee. As a result, Plaintiffs are entitled to recover the prepaid interest charge per §§408.236 and 408.562 given the violations of §408.233.1(3).

Plaintiffs' Suggestions in Opposition to Defendants' Motion for Summary Judgment (doc. 192) at 174 (citations omitted). Although the heading suggests Plaintiff was going to argue that the pre-paid interest charge violated the MSMLA by itself, Plaintiff did not make this argument. What he actually argued was that because the loan originator charged illegal fees in violation of §408.233.1, he was entitled to recover the prepaid interest charges. Consequently, in its summary judgment order the Court correctly summarized Plaintiff's position as follows: "Their argument is not that it is *per se* unlawful to charge pre-paid interest, but that once Option One violated § 408.233.1 by charging an illegal fee, Plaintiffs became entitled to recover all interest paid, including the prepaid interest, pursuant to §§ 408.236 and 408.562."

---

[3] Plaintiff's summary judgment brief uses the word "Plaintiffs" because at that time Mayo's wife was still a named plaintiff in the lawsuit.

4

Consequently, Plaintiff's claim that a pre-paid interest charge is a separate violation of the MSMLA, is a new argument, raised here for the first time. And because this argument was not raised previously, but could have been, Plaintiff will not be allowed to raise it now. A litigant that has previously been given a full and fair opportunity to argue an issue is not permitted to later make an argument that could have been, and should have been, raised earlier. *See Martin v. Am. Airlines, Inc.*, 390 F.3d 601, 609 n.4 (8th Cir. 2004) (refusing to consider argument raised for the first time in a reply brief); *Elam v. Denney*, No. 4:09-CV-00308-DGK, 2010 WL 3526270, at *8 n.3 (W.D. Mo. Sept. 3, 2010); *Davenport v. Trans. Corp. of Am., Inc.*, No. 3:08-CV-05058-DGK, slip op. at 1-2 (W.D. Mo. July 2, 2009) (denying leave to file a sur-reply where argument could have been raised earlier). Allowing a party to raise a new argument months later, or in this case years later, after an issue has been litigated, encourages serial litigation and undermines the efficient administration of justice. In the present case, Plaintiff had ample opportunity to argue at the summary judgment stage of this litigation in 2010 that charging pre-paid interest is by itself violation of the MSMLA, but did not. He is not permitted to raise this argument for the first time now.

**C.      The Court reverses its previous holding that as post-closing, non-loan holder servicers, neither GMACM or RFC could have violated the MSMLA.**

Plaintiff contends that this Court erred in ruling that a post-closing, non-loan holder servicer cannot be liable under the MSMLA because the *Mitchell* court found a non-owner loan servicer, Homecomings Financial, LLC, could be liable under similar circumstances.

Defendants respond that the Court's decision with respect to the loan servicers is not inconsistent with *Mitchell*, and that neither *Mitchell* nor *Washington* addressed the issue of servicer liability. Defendants also contend that reconsideration of this issue is moot, or at least

5

Case 4:08-cv-00568-DGK   Document 291   Filed 01/13/12   Page 5 of 7

unnecessary, because Plaintiff has agreed to settle his claims against RFC and GMACM.

In his reply, Plaintiff states:

> This argument should also be rejected. As the Court is aware, the parties are no further along regarding settlement than they were when the Court first ruled on the issue of GMAC and RFC's liability. Since the Court has invested its time and resources on this issue, it only makes sense that the Court would want to . . . reverse its rulings as to GMAC and RFC to bring this case in line with *Washington* and *Mitchell*.

Plaintiff's Reply Brief (doc. 275) at 10.

Under *Mitchell*, a post-closing, non-loan holder servicer may be liable under the MSMLA. Although the *Mitchell* court did not explicitly discuss servicer liability, it implicitly found that a non-owner loan servicer could be liable when it noted that Plaintiff's counsel argued to the jury that "Homecomings . . . didn't have anything to do with the fees. They just collected the interest," and then upheld a $682,992 award against Homecomings. Accordingly, the Court's previous holding that neither GMACM or RFC could have violated the MSMLA, and the Court's award of summary judgment in GMACM and RFC's favor on all claims, is REVERSED.

**D.  The Court directs the parties to re-brief the issue of class-certification.**

Finally, with respect to class certification, Plaintiff contends that the Court's previous rulings that the proposed and amended class definitions were overbroad were premised on the prior summary judgment rulings, and that if the summary judgment rulings are revised, then the class certification ruling should be re-evaluated as well.

Defendants oppose revisiting class certification, arguing it is unnecessary because neither *Washington* nor *Mitchell* address the application of Rule 23, and because the Court has already given Plaintiff two opportunities to define an appropriate class.

6

In light of the reversal of portions of the partial summary judgment ruling, the Court holds it should reconsider whether to certify a class here. To assist the Court in determining whether to certify a class, the parties are directed to submit revised briefing regarding an appropriate class definition and the Rule 23(a) prerequisites, that is, the issues of numerosity, commonality, typicality, and adequacy. Briefing on any other issue associated with class certification is not necessary. Plaintiff shall file a revised motion for class certification and brief in support addressing these issues on or before February 13, 2012.

**IT IS SO ORDERED.**

DATE: January 13, 2012                    /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT